**No. 56946.**—Cresca Co., Inc. v. United States, protest 186442–K (New York).

Opinion by JOHNSON, J. In accordance with stipulation of counsel that the merchandise consists of grenadine the same in all material respects as that the subject of *LaManna, Azema & Farnan, Inc.* v. *United States* (39 C. C. P. A. 44, C. A. D. 461), the claim of the plaintiff was sustained.

**No. 56947.**—Atalanta Products Corp. v. United States, protest 187442–K (New York).

Opinion by JOHNSON, J. It was stipulated that the issue and merchandise herein are the same in all material respects as those involved in *Axel Stokby et al.* v. *United States* (4 Cust. Ct. 343, C. D. 358), except that in the liquidation of the entries covered by the instant protest, an allowance was made for gelatinous substance equal to 10 percent of the content of the tins, whereas there should have been a larger percentage allowed for the gelatinous substance. In accordance with stipulation of counsel and following the decision cited the merchandise was held dutiable at 3¼ cents per pound under paragraph 703, Tariff Act of 1930, upon the basis of the net weight of the contents of the cans, less such percentage allowance for the gelatinous substance contained in the respective tins, as set forth in the decision.

NOVEMBER 17, 1952

**No. 56948.**—Fuchs Shoe Corporation v. United States, protests 173977–K, etc.—▊▊▊▊▊▊▊▊▊▊▊—C. D. 1466. Motion of Government for rehearing denied.

BEFORE THE SECOND DIVISION, NOVEMBER 28, 1952

**No. 56949.**—A. C. O. Leather Goods Co. et al. v. United States, protests 160964–K, etc. (New York).

Opinion by RAO, J. In accordance with stipulation of counsel that the merchandise consists of tissue or crepe paper napkins similar in all material respects to those the subject of *Freund Mayer & Co., Inc.* v. *United States* (39 C. C. P. A. 123, C. A. D. 474), the claim of the plaintiffs was sustained.